Case 4:13-cv-00472-A Document 7 Filed 09/06/13 Page 1 of 11 PageID 46

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP - 6 2013

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:13-CV-472-A |
| | § | (NO. 4:10-CR-168-A-1) |
| FREDERICK ODHIAMBO OPIYO | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Frederick Odhiambo Opiyo ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the record, the government's response, movant's reply, and applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On November 19, 2010, movant pleaded guilty, pursuant to a plea agreement, to uttering and possession of a forged security in violation of 18 U.S.C. § 513(a). On March 4, 2011, the court sentenced movant to a term of imprisonment of 84 months, to be followed by a three-year term of supervised release. Movant appealed, but his attorney moved for leave to withdraw under Anders v. California, 386 U.S. 738 (1967), contending that there

were no nonfrivolous issues for appellate review. <u>United States v. Opiyo</u>, 471 F. App'x 300 (5th Cir. 2012). The Fifth Circuit noted that the record was insufficiently developed to allow consideration of movant's ineffective assistance of counsel claims, but agreed with movant's attorney that the substantive issues raised by movant lacked merit and dismissed the appeal. <u>Id.</u> Certiorari review was denied on October 9, 2012. <u>Opiyo v. United States</u>, 133 S. Ct. 461 (2012). Movant timely filed his § 2255 motion on June 10, 2013.

## II.

### Grounds of the Motion

Movant identified four grounds for relief in his motion: (1) his conviction was obtained by use of evidence obtained pursuant to an unconstitutional search and seizure; (2) his conviction was obtained by the failure of the prosecution to disclose evidence favorable to movant; (3) his sentence was improperly calculated due to a mathematical error; and (4) the upward departure from the sentencing guidelines was substantively unreasonable. Mot. at 7-11. Additionally, in his reply, movant appears to claim that there was no probable cause for his arrest and that movant's counsel was ineffective for failing to investigate the probable cause for movant's arrest and for failing to investigate whether

the evidence used to enhance movant's sentence was obtained legally. Reply at 2, 4-6, 9.

III.

Analysis

A. Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal.

3

Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Search and Seizure Claim

In ground one, movant contends that his conviction was obtained in part through an unconstitutional search and seizure of evidence. Movant claims that the postal inspector searched movant's residence after movant refused to consent to the search. Mot. at 8. However, movant raised this issue in his direct appeal, and the Fifth Circuit determined that his argument was frivolous. United States v. Opiyo, No. 11-10252, 471 F. App'x at 300-01; Appellant's Pro Se Response, at 5, 12. Therefore, this claim is not cognizable in movant's § 2255 proceeding, and must be dismissed.

C.  Failure to Disclose Evidence Claim

In his second ground for relief, movant contends that his conviction was obtained in part through the failure of the prosecution to disclose evidence favorable to movant, in violation of Brady v. Maryland, 737 U.S. 83 (1963). Specifically, movant claims that the government suppressed

4

evidence that the United States probation officer had testified falsely and had been "found in contempt of court for perjury and denied during sentencing March 4, 2011, from testifying against the defendant." Mot. at 9 (capitalization corrected). Movant also claims that the government withheld evidence that the postal inspector's search was not pursuant to a search warrant and that the United States probation officer had received information from an unreliable informant. Id. at 9; Reply at 11. Like movant's above-described unconstitutional search claim, movant raised this claim on direct appeal, and the Fifth Circuit determined that the claim was frivolous. Opiyo, No. 11-10278, 471 F. App'x at 300-01; Appellant's Pro Se Response, at 2-3, 5, 8-11. Accordingly, this claim also is not cognizable in movant's § 2255 proceeding, and must be dismissed.

D. <u>Sentencing Calculation Claim</u>

In ground three, movant contends that his sentence was improperly calculated due to a mathematical error. Movant claims that the court erred in calculating the intended loss amount, thereby improperly increasing his offense level by two. Mot. at 10. However, movant's claim of error in the calculation of his sentence is not cognizable in collateral proceedings. "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that

5

will result in a miscarriage of justice if left unaddressed," and misapplications of the sentencing guidelines are not cognizable on collateral review. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999); United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994). Therefore, movant's claim must fail.

E. Upward Departure Claim

In his fourth ground for relief, movant contends that the upward departure from the sentencing guidelines was "substantively unreasonable." Mot. at 11. Movant claims that the court improperly granted an upward departure based on evidence obtained from an unconstitutional search. Id. at 10. Movant's claim, though, is not cognizable in collateral proceedings. "Relief under § 2255 is reserved for (1) errors of constitutional dimension and (2) other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a miscarriage of justice." United States v. Faubion, 19 F.3d 226, 233 (5th Cir. 1994). "A challenge to an upward departure is outside these parameters" of relief under § 2255. Id. Thus, movant's claim must fail.

F. Illegal Arrest Claim

In movant's reply, movant contends that his arrest was based on "false and misleading" probable cause. Reply at 4. Movant claims that the United States probation officer and the postal

6

inspector arrested movant pursuant to "false information from [an] unreliable informant." Id. However, movant's claim, even if true, does not entitle him to relief under § 2255 because movant's "voluntary plea of guilty constitutes a waiver of all non-jurisdictional defects in the proceeding up to that point, including an illegal arrest." Williamson v. Alabama, 441 F.2d 549, 550 (5th Cir. 1971); Denton v. United States, 465 F.2d 1394, 1395 (5th Cir. 1972) ("Second, his plea of guilty, knowingly and voluntarily given, constituted a waiver of all non-jurisdictional defects in the proceedings up to that point.").

Movant makes no claim that his plea of guilty was not knowingly and voluntarily given. Further, at movant's rearraignment hearing, movant testified unequivocally that his plea was given freely and voluntarily. Rearraignment Tr. at 16-19, 26, 31, 34-36. The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting a plea of guilty, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994). Therefore, as movant

7

has provided no facts and presented no evidence to show that his plea of guilty was anything other than knowing and voluntary, movant's claim challenging the validity of his arrest is barred in his § 2255 proceeding, and must be dismissed.

G.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686)). In the context of a guilty plea, prejudice

8

requires movant to show there is a reasonable probability that, but for his attorney's errors, he would not have pleaded guilty but would have gone to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Judicial scrutiny of this type of claim must be highly deferential, and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

In his reply, movant first contends that his counsel was ineffective for failing "to subject the government's case to adversarial testing and conduct meaningful investigation and review available preliminary transcripts to determine probable cause for [movant's] arrest." Reply at 2 (capitalization corrected). Movant alleges no facts and identifies no evidence to support his contention that his counsel was deficient in the adversarial process. Further, movant fails to provide any facts or explanation as to what the suggested investigation would have revealed and what difference such an investigation would have made to the outcome of the sentencing proceeding or to movant's decision to plead guilty. See Hill, 474 U.S. at 59 ("[W]here the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that

9

discovery of the evidence would have led counsel to change his recommendation as to the plea."); United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989) ("A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."). Movant fails to provide any facts at all that could demonstrate that his attorney's investigation and conduct in the adversarial process were anything other than objectively reasonable. Therefore, movant's conclusory allegation cannot satisfy the Strickland standard for ineffective assistance of counsel.

Movant next faults his attorney for failing "to conduct any meaningful investigation and review available preliminary transcripts to determine if evidence used to increase [movant's] sentence (upward variance) based on the search conducted by the inspector was lawfully obtained." Reply at 9 (capitalization corrected). Movant fails to provide any facts or evidence demonstrating what movant's counsel would have uncovered through the investigation and what difference such an investigation would have made to the outcome of the proceeding. It is well-settled that failure to raise a frivolous motion or objection does not render counsel ineffective. United States v. Preston, 209 F.3d 783, 785 (5th Cir. 2000). Additionally, the Fifth Circuit "has

10

made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." <u>Miller v. Johnson</u>, 200 F.3d 274, 282 (5th Cir. 2000). Accordingly, movant's claim fails.

IV.

Order

Therefore,

The court ORDERS that the motion of Frederick Odhiambo Opiyo to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 6, 2013.

_____
JOHN McBRYDE
United States District Judge

11